IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 AUG -3 PM 4:12

CLERK
SO. DIST. OF GA.

THOMAS G. MERRITT and )
WATERWAY ON THE OGEECHEE, )
INC., )
 )
       Plaintiffs, )
 )
v. ) CASE NO. CV410-053
 )
MARLIN OUTDOOR ADVERTISING, )
LTD. and WALTER M. CZURA, )
 )
       Defendants. )
 )

## O R D E R

Before the Court is Plaintiffs Thomas G. Merritt and Waterway on the Ogeechee's ("Waterway") Motion for Reconsideration. (Doc. 183.) In the motion, Plaintiffs ask this Court to reconsider its prior order (Doc. 178) limiting the damages Plaintiffs can recover in this case to the appropriate rental value of the actual land wrongfully possessed. Seeing no reason to disturb its prior order, Plaintiffs' motion is **DENIED**.

However, the Court will, yet again, attempt to explain to Plaintiffs why their wildly novel position regarding damages is incorrect. First, the law is clear that mesne profits do not include income generated from improvements constructed on the property by the party in wrongful possession. See Winn v. Raney, 153 Ga. 641, 113 S.E. 8, 9-

10 (1922) ("[M]esne profits are to be assessed upon the value of the property as it stood when the defendant's title accrued, and the plaintiff is prohibited from recovering as mesne profits the increase of income resulting from the improvements made by the defendant in good faith."). What appears to be lost on Plaintiffs is the fact that the profit in mesne profits are monies received by the party in wrongful possession for removing items of value from the land, such as timber, crops, turpentine, and other mineral or agricultural resources. See, e.g., Cunningham v. Morris, 19 Ga. 583 (1856). Plaintiff has been unable to point to any single case where a plaintiff was awarded as damages the actual profits the party in wrongful possession generated from improvements made to the property. This failure is simple—no such cases exist.[1] While Plaintiffs make a rather cute attempt to correlate growing crops to billboards by stating they are both nourished by the very soil beneath them, this absurd syllogism is both incorrect and laughable.

Plaintiffs place an undue weight on the simple statement that mesne profits are broader than the mere

---

[1] Plaintiffs should not take the absence of any case on point as an indication that the law is unsettled in this area. Rather, it is more likely that the opposite is true: the law is so settled that no party has even bothered to raise such a fatuous argument.

rental value of the land, but may include extra damages as the particular circumstances demand. (Doc. 183 at 3-4.) What this Court finds amazing is how Plaintiffs continue their gross and absurd misreading of this passage. Of course mesne profits are broader than rent, they include both damage done to the property and the profits obtained from the removal of agricultural and mineral resources. On this point the Court will try to be perfectly clear so as to not cause Plaintiffs any additional confusion: <u>mesne profits do not include actual profits generated from improvements constructed on the property by the party in wrongful possession</u>.

Furthermore, the Court is not even sure if Plaintiffs took the time to actually read its prior order. In their Motion for Reconsideration, Plaintiffs contend that the jury should hear evidence that the income Defendants derived was caused by the location of the land where the billboards were located. (Doc. 183 at 3.) The Court stated in its prior order that such evidence was admissible to establish the appropriate rental value of the land. (Doc. 178 at 5-6.) However, Plaintiffs now come forward with this "pie in the sky" argument that the jury can award them the actual profits if Plaintiffs can show that they

were caused by the location of the sign.[2] (Doc. 183 at 3.) This notion is so out of touch with the law that the Court will not even attempt to respond, but only note that it appears Plaintiffs are just making it up as they go along.

In even making this argument, Plaintiffs appear to be confusing themselves because they seem to recognize the correct state of the law—that the damages are calculated according to the rental value of the land wrongfully possessed. However, Plaintiffs have continuously stated that what they want is not the rental value, but the entirety of the profits Defendants generated. Otherwise there would be no reason to even be discussing Plaintiffs' inane arguments—it appears that Defendants paid rent for the land upon which the billboards were located. This, of course, means that Plaintiffs' damages are pretty close to negligible when compared with the over $400,000 they seek.

Second, and at the risk of sounding redundant, Plaintiffs completely misunderstand the law of unjust enrichment. Even assuming this is a valid claim in this

---

[2] Of course the profits were, in some respect, caused by the location of the sign. The location of a billboard is always a cause of the profit. For example, there may be a billboard on the North Pole, but its location would not generate any advertising revenue. But, to say that Plaintiffs are entitled to all the profits caused by the location of the sign is just ludicrous.

4

case,[3] Plaintiffs are incorrect in reasoning that they can recover all the profits generated by the billboards. The benefits Plaintiffs conferred were not completed billboards, but rather the land upon which Defendants constructed the billboards. Therefore, the value of the benefit is the rental value of the land, not the income generated from the advertising space.[4]

The Court has long questioned why this case is consuming a significant portion of its time and resources. Quite simply, there appears to be little money to be had by Plaintiffs. Yet, Plaintiffs continue to trudge along by misreading cases and twisting their holdings in their vain search for El Dorado. For their part, Defendants have offered the Court little assistance, instead being content to watch Plaintiffs' clumsy attempt to lead this Court out of the desert. For its part, the Court has attempted to help Plaintiffs along the way by explaining to them the error of their ways, alas, to no avail. In an attempt to

---

[3] Unfortunately, the Court has not had occasion to pass on this issue because Defendants, surprisingly, failed to file any dispositive motions in this case.

[4] To answer Plaintiffs' taxi cab hypothetical, of course the owner's damages would be limited to the rental value of the vehicle, assuming it was returned in the same state and the owner elected to sue under an unjust enrichment theory. However, the Court notes that this hypothetical is so far afield from the facts in this case to render it practically useless in this discussion.

help end their futile search, the Court must tell Plaintiffs that their Motion for Reconsideration (Doc. 183) is **DENIED**.

SO ORDERED this 3RD day of August 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA